# IN THE SUPREME COURT OF THE STATE OF DELAWARE

EMPLOYEES' RETIREMENT SYSTEM OF RHODE ISLAND and CITY OF WARWICK RETIREMENT SYSTEM,

    Plaintiffs Below,
    Appellants,

    v.

KAREN SBRIGLIO, FIREMEN'S RETIREMENT SYSTEM OF ST. LOUIS, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, CONSTRUCTION AND GENERAL BUILDING LABORERS' LOCAL NO. 79 GENERAL FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, and LIDIA LEVY,

    Plaintiffs Below,
    Appellees,

    and

MARK ZUCKERBERG, SHERYL SANDBERG, PEGGY ALFORD, MARC ANDREESSEN, KENNETH CHENAULT, PETER THIEL, JEFFREY ZIENTS, ERSKINE BOWLES, SUSAN DESMOND-HELLMANN, REED HASTINGS, JAN KOUM, KONSTANTINOS PAPAMILTIADIS, DAVID FISCHER, MICHAEL SCHROEPFER, DAVID WEHNER,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No. 350, 2021

Court Below–Court of Chancery of the State of Delaware

C.A. No. 2018-0307

and PALANTIR TECHNOLOGIES INC., §
§
§
Defendants Below, §
Appellees, §
§
and §
§
FACEBOOK, INC., §
§
Nominal Defendant Below, §
Appellee. §

Submitted: November 2, 2021
Decided: November 9, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the notice of interlocutory appeal and its exhibits, it appears to the Court that:

(1)    Two competing teams of stockholder plaintiffs and their attorneys filed applications for leadership roles in a consolidated derivative action brought on behalf of nominal defendant, Facebook, Inc. ("Facebook"). One group consisted of California State Teachers' Retirement System, City of Birmingham Retirement and Relief System, and Construction and General Building Laborers' Local Union No. 79 General Fund as co-lead plaintiffs, with Kaplan Fox & Kilsheimer LLP, Prickett, Jones & Elliott, P.A., and Scott+Scott Attorneys at Law as co-lead counsel (collectively, the "CalSTRS Group"). The other team consisted of Employees'

Retirement System of Rhode Island and City of Warwick Retirement System as co-lead plaintiffs, with Block & Leviton LLP as lead counsel, and Heyman, Enerio, Gattuso & Hirzel LLP serving as additional Delaware counsel (collectively, the "RI Group").

(2) On October 5, 2021, the Court of Chancery granted the CalSTRS Group's application and denying the RI Group's application (the "Order").[1] The Court of Chancery considered the six relevant factors in *Hirt v. U.S. Timberlands Service Co.*[2]: (i) the quality of the pleading that appears best able to represent the interests of the shareholder class and derivative plaintiffs; (ii) the relative economic stakes of the competing litigants in the outcome of the lawsuit; (iii) the willingness and ability of all the contestants to litigate vigorously on behalf of an entire class of shareholders; (iv) the absence of any conflict between larger, often institutional, stockholders and smaller stockholders; (v) the enthusiasm or vigor with which the various contestants have prosecuted the lawsuit; and (vi) the competence of counsel and their access to the resources necessary to prosecute the claims at issue.[3]

(3) The Court of Chancery found the groups were closely matched. But the Court of Chancery concluded that, while the lead-plaintiff factors—factors (ii) and (iv)—were neutral, the lead-counsel factors—factors (i), (v), and (vi)—favored

---

[1] *In re Facebook, Inc. Deriv. Litig.*, 2021 WL 4552158 (Del. Ch. Oct. 5, 2021) ("*Facebook I*").
[2] 2000 WL 1558342 (Del. Ch. July 3, 2002).
[3] *Id.*, at *2.

the CalSTRS Group.[4]  Specifically, the court found that factor (i) favored the CalSTRS Group—its complaint was "simply more comprehensive" and, among other things, pleaded "several ways to overcome the formidable standard for demand futility."[5]  The Court of Chancery also carefully considered—and rejected—the RI Group's argument that counsel for the CalSTRS plaintiffs was conflicted and could not competently represent the CalSTRS Group because they have pursued direct claims against Facebook on behalf of other clients.[6]

(4)     On October 15, 2021, the RI Group asked the Court of Chancery to certify an interlocutory appeal from the Order under Supreme Court Rule 42.  The RI Group maintained that interlocutory review of the Order is appropriate because appellate review of the leadership decision is not otherwise realistically possible. The RI Group also argued that the Order involves a question of law resolved for the first time in this State and that the Order conflicts with other trial court decisions. The CalSTRS Group opposed the application.

(5)     On November 2, 2021, the Court of Chancery denied the application for certification.[7]  As an initial matter, the Court of Chancery noted that, given the discretionary nature of leadership appointments, the court's decision would rarely

---

[4] Factor (iii) requires the court to consider how the litigation is likely to unfold and whether the proposed leadership team (plaintiff and counsel) will operate effectively.  The Court of Chancery found the applications equally matched in this regard. *Facebook I*, 2021 WL 4552158, at *5.
[5] *Id.*, at *3.
[6] *Id.*, at **4-5.
[7] *In re Facebook, Inc. Deriv. Litig.*, 2021 WL 5098894 (Del. Ch. Nov. 2, 2021).

merit interlocutory review.[8]  The Court of Chancery also disagreed with the RI Group's characterization of the Order as a bright-line holding and found that the Order neither deviated from Delaware precedent nor involved a question of law resolved for the first time.[9]  Rather, the Court of Chancery noted that there is no *per-se* rule that a law firm prosecuting a direct claim against a company cannot represent the same company in a derivative action.[10]  And the Court of Chancery found that, in reaching its decision on the competing leadership applications, it had merely engaged in the fact-intensive inquiry necessary to determine whether a conflict of interest exists.[11]  The Court of Chancery also observed that it has the authority and responsibility to oversee lead counsel in derivative cases and can adjust the make-up of lead counsel as warranted should an impermissible conflict arise.[12]  As a final matter, the Court of Chancery emphasized that the primary reason it selected the CalSTRS Group was because its complaint gives the plaintiffs the best chance to succeed in the litigation, and "the flagged 'conflict' appeared to be more an attempt by the RI Group to gain the advantage in the lead counsel contest than to advance the bests interests of Facebook and its stockholders."[13]

---

[8] *Id.*, at *2.
[9] *Id.*
[10] *Id.*, at *3.
[11] *Id.*
[12] *Id.*, at *4.
[13] *Id.*

5

(6) We agree with the Court of Chancery that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[14] In the exercise of its discretion and giving due weight to the Court of Chancery's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[15] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[16]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[14] Del. Supr. Ct. R. 42(d)(v).
[15] Del. Supr. Ct. R. 42(b)(ii).
[16] Del. Supr. Ct. R. 42(b)(iii).